# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| James Edward Brown, | Case No. 3:15 CV 2295 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | **OPINION AND ORDER** |
| Islamic Psychologist Treatment Team Women's Committee, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff James Edward Brown, a state prisoner identifying himself as "Champion Chocolate Thunder," has filed this *in forma pauperis* action against a defendant he identifies as the "Islammic [sic] Psychologist Treatment Team Women Committee." His complaint is incomprehensible. The Court is unable to discern any intelligible factual basis for the plaintiff's claims, or any coherent statement of his intended cause (or causes) of action. The plaintiff asserts he seeks the following relief:

> I would like women Politician United States, Africa and Queen of England Professional and Amateur Queen Bettea Athletic Prophets Olympic currency for each 129 professional constitutional fighter in each city, state, country or countree. I would like the Kings of Africa America currency in each city, state, and country or countree.

(Doc. No. 1 at 6.)

Although *pro se* pleadings are held less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* plaintiffs are still required to meet basic pleading requirements and a court is not required to conjure allegations on his behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts

of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

The Court finds this action warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The allegations in the complaint are so rambling and unsubstantial that they do not provide a basis to establish this Court's subject matter jurisdiction.

Accordingly, this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE